# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | **JUDGMENT IN A CRIMINAL CASE** <br> (for **Revocation** of Probation or Supervised Release) |
| **v.** | ) ) | Case Number:  **3:07-CR-30142-SMY-1** |
| **BOBBY ROBINSON** | ) ) ) ) | USM Number: **07846-025** <br><br> **WILLIAM D. STIEHL, JR.** <br> Defendant's Attorney |

**THE DEFENDANT:**

☒   admitted guilt to violation of condition(s)   <u>As listed on page 2</u>   of the term of supervision.

☒   was found in violation of condition(s)   <u>As listed on page 2</u>   after denial of guilt.

The defendant is adjudicated guilty of the violations on page 2.

The defendant is sentenced as provided in pages 3 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒   The defendant has been found not guilty on count(s)   <u>Mandatory – On or about April 8, 2024, Defendant committed the offense of Improper Lane Usage and Driving on Revoked Driver's License</u>

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Last Four Digits of Defendant's Soc. Sec.:  4111

Defendant's Year of Birth:  1976

City and State of Defendant's Residence:
East St. Louis, Illinois

January 13, 2026
Date of Imposition of Judgment

Signature of Judge
<u>Staci M. Yandle, Chief U.S. District Judge</u>
Name and Title of Judge

Date Signed:  January 29, 2026

DEFENDANT: BOBBY ROBINSON
CASE NUMBER: 3:07-CR-30142-SMY-1

## ADDITIONAL COUNTS OF CONVICTION

Defendant admitted to violating the conditions as follows:

| **Violation Number** | **Nature of Violation** | **Violation Concluded** |
|---|---|---|
| Administrative | Defendant failed to notify his probation officer within 72-hours that he was cited by the Cahokia Heights, Illinois Police Department on or about April 8, 2024. | 4/11/2024 |
| Special | Defendant admitted to consuming alcohol, on or about June 27, 2023. | 6/28/2023 |
| | Defendant admitted to consuming alcohol on or about July 9, 2023. | 7/11/2023 |
| | Defendant admitted to consuming alcohol on or about May 15, 2024. | 5/17/2024 |
| | Defendant admitted to consuming alcohol on or about March 25, 2025. | 3/26/2025 |

Defendant was found in violation of the conditions as follows:

| **Violation Number** | **Nature of Violation** | **Violation Concluded** |
|---|---|---|
| Mandatory | Defendant committed the offenses of Unlawful Possession of a Machine Gun and Felon in Possession of a Firearm. | 6/29/2025 |
| | Defendant committed the offenses of Aggravated Domestic Battery and Domestic Battery. | 7/25/2025 |
| Administrative | Defendant knowingly possessed a firearm. | 6/29/2025 |
| Administrative | Defendant changed his residence without properly notifying his probation officer. | 7/25/2025 |

DEFENDANT: BOBBY ROBINSON
CASE NUMBER: 3:07-CR-30142-SMY-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **60 months. This sentence shall run concurrently with the sentence imposed in Case No. 23-cr-30080-SMY.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐a.m. ☐ p.m. on
☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐before 2 p.m. on
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BOBBY ROBINSON
CASE NUMBER: 3:07-CR-30142-SMY-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years**

Other than exceptions noted on the record at sentencing, the Court adopts the proposed terms and conditions of supervision recommended by the U.S. Probation Office in its current form, including the explanations and justifications therefor.

## MANDATORY CONDITIONS

*The following conditions are authorized pursuant to 18 U.S.C. § 3583(d):*

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

## ADMINISTRATIVE CONDITIONS

*The following conditions of supervised release are administrative and applicable whenever supervised release is imposed, regardless of the substantive conditions that may also be imposed.  These conditions are basic requirements essential to supervised release.*

The defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons.

The defendant shall not knowingly possess a firearm, ammunition, or destructive device.  The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

The defendant shall not knowingly leave the federal judicial district without the permission of the Court or the probation officer.

The defendant shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

The defendant shall respond to all inquiries of the probation officer and follow all reasonable instructions of the probation officer.

The defendant shall notify the probation officer prior to an expected change, or within seventy-two hours after an unexpected change, in residence or employment.

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or at any

DEFENDANT: BOBBY ROBINSON
CASE NUMBER: 3:07-CR-30142-SMY-1

other reasonable location and shall permit confiscation of any contraband observed in plain view of the probation officer.

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## SPECIAL CONDITIONS

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d), the following special conditions are ordered. While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate. The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release. Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

The defendant shall abstain from the use and/or possession of all alcoholic beverages. The defendant shall not enter or patronize establishments where alcohol is the primary item of sale, such as bars, lounges, night clubs or liquor stores. The defendant shall submit to alcohol testing during the term of supervised release. The Court directs the probation officer to determine the type of alcohol testing which may include, but is not limited to, devices used to collect breath or urine samples. The number of alcohol tests shall not exceed 52 tests in a one-year period. The defendant must not attempt to obstruct or tamper with the testing methods.

The defendant shall participate in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis and/or other drug detection measures and which may require residence and/or participation in a residential treatment facility, or residential reentry center (halfway house). The number of drug tests shall not exceed 52 tests in a one-year period. Any participation will require complete abstinence from all alcoholic beverages and any other substances for the purpose of intoxication. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost of services rendered. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and the duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

The defendant shall not knowingly visit or remain at places where controlled substances are illegally sold, used, distributed, or administered.

The defendant shall not knowingly have any contact with Miya McDonald.

The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

The defendant's person, residence, real property, place of business, vehicle, and any other property under the defendant's control is subject to a search, conducted by any United States Probation Officer and other such law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to

DEFENDANT: BOBBY ROBINSON
CASE NUMBER: 3:07-CR-30142-SMY-1

submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has read and explained the conditions ordered by the Court and has provided me with a complete copy of this Judgment. Further information regarding the conditions imposed by the Court can be obtained from the probation officer upon request.

Upon a finding of a violation of a condition(s) of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.


Defendant's Signature _____     Date _____


U.S. Probation Officer _____     Date _____